

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 NOV 27 PM 12:38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK | CASE NO.: CIVIL ACTION 02-3540 |
| versus | SECTION SECT. 1 MAG. 2 JUDGE |
| CONNIE SAUCIER, SCOTT SAUCIER AND ERIN SAUCIER | MAGISTRATE MAGISTRATE JUDGE |

## COMPLAINT IN INTERPLEADER

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

Plaintiff-in-Interpleader, the American International Life Assurance Company of New York ("AIG Life"), for its Complaint in Interpleader respectfully represents:

### THE PARTIES

1.

Plaintiff-in-Interpleader, AIG Life, is a foreign insurer organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

2.

Named Defendants-in-Interpleader are the following:

a.   Connie Saucier, a person of the full age of majority and a citizen of the State of Mississippi;

N0896877.1                                          1

b. Scott Saucier, a person of the full age of majority and a citizen of the State of Louisiana; and

c. Erin Saucier, a person of the full age of majority and a citizen of the State of Louisiana.

## JURISDICTION & VENUE

3.

Jurisdiction is proper pursuant to 28 U.S.C. §1331, which provides for federal court jurisdiction over cases involving a question of federal law. Federal question jurisdiction is appropriate because the Complaint arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.

4.

Jurisdiction is also proper pursuant to 28 U.S.C. §1335, inasmuch as at least two of the claimants are diverse, and the amount in controversy exceeds the sum of $500.00, exclusive of interest and costs.

5.

Venue is proper pursuant to 28 U.S.C. §1397, inasmuch as at least one of claimants resides within this judicial district.

## BACKGROUND

6.

The life insurance benefits at issue herein are governed by an employee welfare benefit plan, the Wal-Mart Stores Health & Welfare Trust ("the Plan"), in which AIG Life provides certain insurance benefits to its group policy holder, Wal-Mart Stores, Inc. ("Wal-Mart"), under Group Policy Nos. GL-10722-01 and GL-10722-02. Copies of the Group Policies are attached as Exhibits "1" and "2",

respectively. As an employee of Wal-Mart, Decedent, Douglas L. Saucier, was entitled to participate and did participate in the Plan. A copy of the Summary Plan Description is attached as Exhibit "3". The life insurance benefits are payable under the terms of the Plan, which is regulated exclusively by ERISA.

7.

Under the terms of the Plan, Douglas L. Saucier was eligible for $44,000.00 in basic employer-provided life insurance benefits. In addition, Douglas L. Saucier selected $75,000.00 in optional life insurance benefits under the Plan. A copy of the Benefits Enrollment Application is attached as Exhibit "4".

8.

On or about May 19, 1997, Douglas Saucier submitted a Beneficiary Designation Form designating his two children, Erin Saucier and Scott Saucier, as the beneficiaries under his basic and optional life insurance coverage under the Plan. A copy of the Beneficiary Designation Form is attached as Exhibit "5".

9.

Douglas Saucier died on June 19, 2002. A copy of the Death Certificate is attached as Exhibit "6".

10.

Douglas Saucier's wife, Connie Saucier, submitted a claim for benefits under both the basic and optional coverage.

11.

In connection with her claim, Connie Saucier presented a purported Beneficiary Designation Form designating her as the sole beneficiary to Douglas Saucier's basic and optional benefits under the Plan. This Beneficiary Designation Form was purportedly executed by Douglas Saucier on November 1, 2002. A copy of this Beneficiary Designation Form was allegedly contained in Connie Saucier's personnel file only

(in a different store than Douglas Saucier worked); the <u>original</u> Beneficiary Designation Form has not been located. A copy of the Beneficiary Designation Form is attached as Exhibit "7".

12.

On or about August 8, 2002, Erin Saucier and Scott Saucier disputed Connie Saucier's entitlement to any portion of Douglas Saucier's benefits under the Plan. A copy of Brett Prendergast's correspondence to AIG Life is attached as Exhibit "8".

13.

By reason of these conflicting claims, and to avoid double or multiple liability for benefits under the Plan, it is essential for the Court to determine in this action the party or parties to whom these benefits are payable.

14.

AIG Life desires to deposit the sum of $119,000.00, plus any accrued interest, payable under the Plan into the Registry of the Court, to be disbursed upon further order of this Court to the proper party or parties.

15.

AIG Life further prays for an order restraining each of the defendants from instituting or pursuing any action against it for the recovery of any benefits under the Plan.

16.

AIG Life is entitled to an order discharging it from any and all further liability in connection with the Plan, and for attorney's fees and costs incurred in this action.

WHEREFORE, the American International Life Assurance Company of New York respectfully prays that the Court order that Connie Saucier, Scott Saucier and Erin Saucier be duly cited herein to respond to this Complaint and interplead their respective claims to the monies deposited in the Registry of the Court;

That each of the defendants be restrained from instituting any action against American International Life Assurance Company of New York for the recovery of benefits under the Plan, or any part thereof;

That the Court discharge American International Life Assurance Company of New York from any liability in the premises;

That the Court order the Honorable Clerk of Court, Loretta G. Whyte, to accept from American International Life Assurance Company of New York the sum of $119,000.00, plus any accrued interest, and to deposit same in the Registry of the Court pending further orders of this Court;

That the Court award to American International Life Assurance Company of New York all costs and reasonable attorney's fees incurred in connection with bringing this interpleader, and for all general and equitable relief.

Respectfully submitted,

_____
JOSEPH S. PIACUN, T.A. (25211)
COVERT J. GEARY (14280)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8518
Telecopier: (504) 589-8518
**Attorneys for Plaintiff-in-Interpleader,**
**American International Life Assurance Company**
 **of New York**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK | ) ) ) | CASE NO.: CIVIL ACTION |
| versus | ) ) | SECTION JUDGE |
| CONNIE SAUCIER, SCOTT SAUCIER AND ERIN SAUCIER | ) ) ) | MAGISTRATE MAGISTRATE JUDGE |

## **VERIFICATION**

I, Kenneth Walma, am a Vice President and an authorized representative of Plaintiff-in-Interpleader, American International Life Assurance Company of New York. I have read the Complaint, I know the contents thereof, and I know they are true to the best of my knowledge, except those matters which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
KENNETH WALMA

Subscribed and sworn before me
this 19th day of November, 2002.

_____
Notary Public
My Commission Expires at Death

CHRISOULA PAPADATOS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires January 22, 2004

N0896877.1